# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1676
_____

| | |
|---|---|
| Shane Perry, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Robert Johnston, Rev., | * |
| | * |
| Defendant, | * |
| | * |
| Catholic Archdiocese of St. Louis, | * |
| | * |
| Defendant-Appellant. | * |

_____

No. 10-1677
_____

Appeals from the United States
District Court for the Eastern
District of Missouri.

| | |
|---|---|
| William Goebel, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Robert Johnston, Rev., | * |
| | * |
| Defendant, | * |
| | * |

Catholic Archdiocese of St. Louis,          *
                                            *
            Defendant-Appellant.            *


            _____

            No. 10-1678
            _____

Matthew McCormick,                          *
                                            *
            Plaintiff-Appellee,             *
                                            *
v.                                          *
                                            *
Robert Johnston, Rev.,                      *
                                            *
            Defendant,                      *
                                            *
Catholic Archdiocese of St. Louis,          *
                                            *
            Defendant-Appellant.            *


            _____

            No. 10-1679
            _____

Angela Ohl-Marsters,                        *
                                            *
            Plaintiff-Appellee,             *
                                            *
v.                                          *
                                            *
Robert Johnston, Rev.,                      *
                                            *
            Defendant,                      *

Catholic Archdiocese of St. Louis,

       Defendant-Appellant.

\* \* \* \*

_____

Submitted: March 17, 2011
Filed: June 10, 2011

_____

Before RILEY, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Shane Perry, William Goebel, Matthew McCormick, and Angela Ohl-Marsters (collectively, appellees) sued the Catholic Archdiocese of St. Louis (appellant). Appellees allege one of appellant's priests, Rev. Robert Johnston, sexually abused them when they were children. As relevant here, two counts in each of appellees' governing complaints assert Missouri common law claims against appellant for negligent hiring, and for negligent retention and supervision (collectively, the negligence claims).

Appellant moved to dismiss the negligence claims under Fed. R. Civ. P. 12(b)(6). Appellant relied principally on Gibson v. Brewer, 952 S.W.2d 239, 246-48 (Mo. 1997), in which the Supreme Court of Missouri affirmed the dismissal of some materially indistinguishable claims (the Gibson negligence claims). Pointing to the district court's diversity jurisdiction and invoking the Erie doctrine, appellant argued the district court was bound to apply Gibson and dismiss the negligence claims. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) (holding a federal court sitting in diversity is bound by the decisions of the state's highest court).

The district court largely denied the motion, reasoning <u>Gibson</u> presented a federal question and a federal court is not bound to follow <u>Gibson</u> under <u>Erie</u>. Specifically, the district court, citing <u>Aftanase v. Econ. Baler Co.</u>, 343 F.2d 187, 192-93 (8th Cir. 1965), construed <u>Gibson</u> to hold the First Amendment barred the <u>Gibson</u> negligence claims to forestall excessive entanglement between church and state but—concluding <u>Gibson</u> wrongly interpreted the First Amendment—the district court "perform[ed] its own First Amendment analysis" and declined to adopt the Supreme Court of Missouri's reasoning.

Appellant moved for interlocutory review, which we granted. <u>See</u> 28 U.S.C. § 1292(b). We then consolidated the four cases before us for purposes of briefing and argument.

## I.    DISCUSSION

On appeal, the parties continue to disagree as to the nature of the analysis in <u>Gibson</u>. Appellant insists <u>Gibson</u> "represents the substantive common law of Missouri binding on the district court under the <u>Erie</u> doctrine." Quoting one commentator, appellant asserts <u>Gibson</u> advances the principle that "each state has the option of creating or failing to create the cause of action in which the federal question has become absorbed." <u>See</u> Ronald J. Greene, <u>Hybrid State Law in the Federal Courts</u>, 83 Harv. L. Rev. 289, 293 (1969). Following the district court, appellees maintain <u>Gibson</u> answered a federal question in the affirmative, namely, whether the First Amendment prohibited Missouri state courts from entertaining the <u>Gibson</u> negligence claims. <u>See</u>, <u>e.g.</u>, <u>Gibson</u>, 952 S.W.2d at 246-47 (reasoning "[q]uestions of hiring, ordaining, and retaining clergy . . . necessarily involve interpretation of religious doctrine, policy, and administration" and thus foster "excessive entanglement between church and state" with "the effect of inhibiting religion, in violation of the First Amendment").

Determining whether a state court decision rested on federal or state law grounds is sometimes a difficult question.  Cf. Michigan v. Long, 463 U.S. 1032, 1038-39 & n.4 (1983) (discussing the difficulties in analyzing whether a state court decision rested on adequate and independent state grounds).  We need not settle the parties' disagreement in these consolidated appeals, because reversal is required under either construction of Gibson.

If appellant is correct and Gibson merely defined the contours of Missouri negligence law to exclude claims for the unreasonable hiring, retention and supervision of clergy, then Erie controls, Gibson governs, and appellees lose.  "Erie mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary."  Salve Regina Coll. v. Russell, 499 U.S. 225, 226 (1991) (citing Erie, 304 U.S. at 78 and 28 U.S.C. § 1652).  In that event, the district court was not authorized to second-guess a substantive decision of the Supreme Court of Missouri.  See Blankenship v. USA Truck, Inc., 601 F.3d 852, 856 (8th Cir. 2010).

If appellees are correct and Gibson entertained a federal question, namely, whether the First Amendment barred causes of action materially indistinguishable from the negligence claims, there is no Erie problem in the first instance.  But an impassable hurdle nonetheless blocks appellees' recovery on the negligence claims: the Missouri Constitution.  Erie then reappears.

In *dictum*, Gibson reiterated the principle "'that the provisions of the Missouri Constitution declaring that there shall be a separation of church and state are not only more explicit but more restrictive' than the First Amendment."  Gibson, 952 S.W.2d at 246 (quoting Paster v. Tussey, 512 S.W.2d 97, 101-02 (Mo. 1974) (en banc)).  Even if the First Amendment does not bar appellees' negligence claims, a latent Erie issue arises, whether the Missouri Constitution bars the negligence claims.  The district court sidestepped the Missouri Constitution application, reasoning:

The Gibson decision was based solely on the First Amendment. Had the Gibson court found that the negligence-based claims would have also been barred under an alternative, purely state law basis, then the Court would be obligated to abide by that decision. However, the Gibson court explicitly noted that its decision was not based on the religious clauses of the Missouri Constitution. And although the court indicated that [] Missouri's religious clauses are, generally, "more restrictive" than the First Amendment, it is not clear from either the Gibson opinion, or the text of the religious clauses themselves, that plaintiff's claims would be barred by the Missouri Constitution. Therefore, the Court will perform its own First Amendment analysis in determining whether each of plaintiff's claims should be dismissed.

(citations omitted).

Appellant now asserts its Missouri Constitution defense, arguing the district court failed in its duty under Erie to predict what the Supreme Court of Missouri would hold were its First Amendment analysis wrong. See, e.g., Blankenship, 601 F.3d at 856 ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the same issue before us. In other words, we must make an 'Erie-educated guess' when the law of the forum state is not crystal clear." (citations and internal marks omitted)). Appellees' briefs do not respond to appellant's Missouri Constitution argument.

Assuming the district court correctly held Gibson advanced a faulty First Amendment analysis,[1] the district court erred in failing to predict the impact of the

---

[1]As the parties' lengthy briefs demonstrate, whether the First Amendment bars claims sounding in negligence against a religious organization for unreasonable hiring, retention, or supervision is a complicated issue over which courts around the nation are divided. See, e.g., Doe v. Roman Catholic Archdiocese of St. Louis, 311 S.W.3d 818, 823-24 & n.7 (Mo. Ct. App. 2010) (collecting cases and concluding "numerous federal courts and out-of-state courts diverge on the issue of whether the religion clauses in the First Amendment bar plaintiffs from asserting certain

Missouri Constitution upon the negligence claims. Because the Supreme Court of Missouri in <u>Gibson</u> (1) indicated the First Amendment was a complete defense to the negligence claims, and (2) reiterated the religious freedom provisions of the Missouri Constitution are broader than those of the First Amendment, it seems highly likely the Supreme Court of Missouri would bar the negligence claims under the Missouri Constitution, if its First Amendment analysis were later abrogated by the Supreme Court of the United States.

## II.     CONCLUSION

We reverse and remand for dismissal of the negligence claims, as well as for further proceedings consistent with this opinion.

_____

---

negligence claims against religious institutions" (footnotes omitted)). We need not and do not reach that issue today. <u>See</u>, <u>e.g.</u>, <u>Lyng v. Nw. Indian Cemetery Protective Ass'n</u>, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").